NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC., a Delaware Corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>HARTEX VENTURES, INC., a Texas Corporation; SCOTT HARLESS, an individual; and JANICE A. PARTEN, an individual,<br><br>        Defendants. | **OPINION**<br><br>Civ. No. 10-336 (WHW) |

**Walls, Senior District Judge**

Plaintiff Days Inns Worldwide, Inc. ("DIW") moves for default judgment against defendant Hartex Ventures, Inc. ("Hartex"). The motion is unopposed. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court decides this motion without oral argument. The motion is granted.

### FACTUAL AND PROCEDURAL BACKGROUND

This matter arises out of a license agreement dated January 3, 2007 ("License Agreement"), which permitted Hartex to operate a 121-room guest lodging facility in Corpus Christi, Texas. (Pl. Ex. A, License Agreement.) Plaintiff alleges that, under the agreement, Hartex was obligated to operate the facility for a term of fifteen years. (Workman Aff. at ¶ 4, License Agreement Section 5.) Hartex was also required to make periodic payments to plaintiff for royalties, service assessments, taxes, interest, reservation system user fees, annual conference

1

**NOT FOR PUBLICATION**

fees, and other fees (collectively known as "recurring fees"). (Workman Aff. at ¶ 5, License Agreement at Section 7 and Schedule C.) Defendants Janice Parten and Scott Harless provided DIW with a guaranty of Hartex's obligations under the License Agreement. (Compl., Ex. B.)

On May 27, 2009, plaintiff notified Hartex that it was in default under the License Agreement and owed $64,280.07 in recurring fees. (Workman Aff. at ¶ 11, Pl. Ex. B). Plaintiff later informed Hartex that, as of July 22, 2009, it owed $78,759.59. (Workman Aff. at ¶ 12, Pl. Ex. C.) As of December 9, 2010, the total amount of recurring fees owed by Hartex to DIW was $176,045.43, including interest. (Workman Aff. at ¶13.)

On January 21, 2010, DIW filed suit in this matter to recover past due fees owed by Hartex under the License Agreement. (Compl., ECF No. 1.) On March 18, 2010, Harless filed a *pro se* answer on behalf of himself, and purportedly on behalf of Hartex as well. (ECF No. 8.) Due to Hartex's failure to retain counsel and respond, DIW requested entry of default, which was entered by the Clerk of the Court against Hartex on March 18, 2010. (ECF No. 7.) DIW's first motion for default judgment against Hartex was filed on May 18, 2010, (ECF No. 10), but DIW voluntarily withdrew this motion because Hartex filed for Chapter 11 bankruptcy protection. (ECF No. 16.) The bankruptcy case involving Hartex was later dismissed, (ECF No. 20), and DIW re-filed its motion for default judgment (ECF No. 24.)

### STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure governs a court's decision to grant default judgment. Parties seeking default judgment are not entitled to such relief as a matter of right. See Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1303 (3d Cir. 1995). The Clerk of the Court must first approve plaintiff's request for entry of default, after which a court may enter default judgment. Fed. R. Civ. P. 55(a). In order to determine if default judgment should be

NOT FOR PUBLICATION

granted, the court must ascertain whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Directv v. Croce, 332 F. Supp. 2d 715, 717 (D.N.J. 2004). Courts should accept as true the well-pleaded factual allegations of the complaint, but need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). A court must "conduct its own inquiry 'in order to ascertain the amount of damages with reasonable certainty.'" Int'l Assoc. of Heat & Frost Insulators v. S. Jersey Insulation Servs., No. 05-3143, 2007 WL 276137, at *1 (D.N.J. Jan. 26, 2007) (quoting In re Indus. Diamonds, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000)).

Once a legitimate cause of action is established, a court decides whether to issue a default judgment by looking at: "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.2d 154, 164 (3d Cir. 2000). The issuance of default judgment is largely a matter of judicial discretion. Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984). This "discretion is not without limits," as the Third Circuit's preference is "that cases be disposed of on the merits whenever practicable." Id.

## DISCUSSION

### I. Service of Process

The Court must first assess the adequacy of service of process in order to determine whether default judgment should be entered. Lampe v. Xouth, Inc., 952 F.2d 697, 700-01 (3d Cir. 1991). Proper service of process is required to establish personal jurisdiction over a defendant. Id. Without personal jurisdiction, the Court cannot enter default judgment. Id.

**NOT FOR PUBLICATION**

Rule 4 of the Federal Rules of Civil Procedure states that a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). On February 3, 2010, service of the Summons and Complaint was effectuated with respect to Hartex by personally serving it in Corpus Christi, Texas, upon Scott Harless, the registered agent of Hartex. (ECF No. 4, Aff. of Service.) Harless accepted service on Hartex's behalf. (Id.) Also, by letter dated March 30, 2010, DIW notified Hartex that the Clerk of the Court had granted its request for entry of default. (Couch Cert., Ex. A.)

## II.     Jurisdiction

The Court has personal jurisdiction over Hartex by virtue of section 17.6.3 of the License Agreement, pursuant to which defendants consented and waived their objection to "the nonexclusive personal jurisdiction of and venue in the New Jersey state courts . . . and the United States District Court for the District of New Jersey." (Pl. Ex. A, License Agreement.) The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332 because plaintiff and all defendants are citizens of different states, and the amount in controversy in the matter, exclusive of interests and costs, exceeds the sum of $75,000. (Compl. at ¶ 5.)

## III.    Breach of Contract

To state a claim for breach of contract, a plaintiff must allege: (1) a valid contract, (2) breach of that contract, and (3) resulting damages. AT&T Credit Corp. v. Zurich Data Corp., 37 F. Supp. 2d 367, 370 (D.N.J. 1990). The plaintiff asserts that "[o]n or about January 3, 2007, DIW entered into the License Agreement with Hartex for the operation of a 121-room guest lodging facility." (Compl. at ¶ 9.) Second, plaintiff contends that there was a breach of contract by the defendants, because "Hartex has failed to timely pay Recurring Fees as required by the

**NOT FOR PUBLICATION**

License Agreement." (Compl. at ¶ 19.) Lastly, plaintiff alleges damages totalling $123,031.88 in recurring fees due to DIW as of January 13, 2010. (Compl. at ¶ 22.) The recurring fees have continued to accumulate, and totaled $176,045.43 as of December 9, 2010. (Workman Aff. at ¶ 13.) The plaintiff's allegations satisfy the three elements of a breach of contract claim. See AT&T Credit Corp., 37 F. Supp. 2d at 370 (finding that the breach of contract elements were satisfied because a license agreement existed between the parties, the plaintiff asserted that the defendant failed to make required payments under the agreement, and the plaintiff demonstrated damages resulting from the breach).

### IV.  Propriety of Default Judgment

As discussed, the plaintiff has properly served Hartex with process, the Clerk of the Court has entered default against Hartex, and DIW has established a legitimate cause of action for breach of contract. The Court still needs to determine whether default judgment is appropriate, by evaluating: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain, 210 F.3d at 164.

The Court finds that all three factors favor the granting of default judgment in this case. First, the plaintiff will experience prejudice if default is denied. On May 27, 2009, DWI alleged that it was owed $64,280.07 in recurring fees. (Compl. at ¶ 20.) By January 13, 2010, the estimate for the total amount of recurring fees owed by defendants was $123,031.88. (Compl. at ¶ 22.) That total has now reached $176,045.43. (Workman Aff. at ¶ 13.) As is evidenced by the increasing amounts, the longer the plaintiff does not receive payments, the more it will be harmed. See Cathay Bank v. Green Natural Food, Inc., No. 09-5200, 2010 WL 1541509, at *4 (D.N.J. Apr. 19, 2010) (finding that the plaintiff would be prejudiced by a denial of default

**NOT FOR PUBLICATION**

judgment, because the longer the defendant held off on paying the plaintiff, the more money defendant owed).

The second criterion for evaluating whether default judgment should be granted requires the Court to look at whether the defendant appears to have a litigable defense. On March 18, 2010, Mr. Harless filed a *pro se* answer on behalf of himself, and purportedly on behalf of Hartex as well. (ECF No. 8.) However, a corporation may not appear *pro se*, and it may not be represented by an officer not licensed to practice law. United States v. Cocivera, 104 F.3d 566, 572 (3d Cir. 1996) (quoting Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993)). Thus, Hartex's answer was improper, and Hartex cannot be considered to have answered at all. This is despite the fact that Hartex's principals, Scott Harless and Janice Parten, are well aware of this matter. Each has responded individually, with Harless representing himself and Parten appearing through counsel. (ECF Nos. 8 and 14.) Hartex has offered no defense, and the facts asserted in the complaint do not contain any information that would provide the basis of a meritorious defense. The Court must assume that Hartex has no litigable defenses available. See, e.g., Carpenters Health & Welfare Fund of Phila. v. NDK Gen. Contractors, Inc., No. 06-3283, 2007 WL 1018227, at *5 (E.D. Pa. Mar. 27, 2009) (finding that because defendant had filed no responsive pleading to the plaintiff's complaint, and the record did not indicate any litigable defense, the court must presume that the defendant had none.)

Finally, defendant's delay is the result of its own culpable conduct. The Third Circuit has defined culpable conduct as conduct "taken wilfully or in bad faith." Chamberlain, 210 F.3d at 164. Hartex has had more than enough time to retain counsel and respond to this action, especially given the delay due to the bankruptcy filing. The Court finds that there is nothing in the record to suggest that the defendant's delay is due to anything but its own culpable conduct.

**NOT FOR PUBLICATION**

See Platypus Wear Inc., v. Bad Boy Club, Inc., No. 08-2662, 2009 WL 2147843, at *15 (D.N.J. July 15, 2009) ("Plaintiff presented exhibits establishing that it properly served defendants. There is nothing before the Court to suggest that defendants' failure to respond to plaintiff's complaint was caused by anything other than defendants' own culpability and wilful negligence.").

## CONCLUSION

The Court concludes that default judgment is suitable in this case. The Court grants plaintiff's motion for default judgment, as against defendant Hartex Ventures, Inc. only.

s/ William H. Walls  
United States Senior District Judge